DOMESTIC FINANCE CORP., APPELLANT, *v.* MORTON ET AL., APPELLEES.

(No. 5170—Decided March 7, 1955.)

*Mr. Walter S. Barrett, Jr.,* for appellant.
*Mr. Jesse G. Dickinson,* for appellees.

WISEMAN, J. This is an appeal on questions of law from a judgment rendered by the Municipal Court of Columbus in favor of defendant William Morton.

Plaintiff, appellant herein, The Domestic Finance Corporation, secured a judgment against Cliner Morton and William Morton on a cognovit note by warrant of attorney. Several years later, when an effort was made to enforce the judgment against William Morton, he filed a petition to vacate the judgment against him, which relief was granted.

The defendant William Morton filed an answer alleging

that the signature on the note was not his genuine signature, and if his signature appeared it was a forgery. A reply was filed by plaintiff alleging that Morton had ratified the execution of the note in his name, since he had not objected, and that he is now estopped to deny authorization of the purported agent to sign his name. The reply was stricken by the court on the theory that there was a departure from the allegations in the petition and on the ground that it constituted a new cause of action.

The first error assigned is that the court refused to hear evidence in support of the reply. Appellant claims he proffered evidence in support of the reply. This assignment of error is not well made, as we have before us a separate findings of fact and conclusions of law, without a bill of exceptions. A bill of exceptions would be required to exemplify this assignment of error.

We consider the second and third assignments of error together, which are: In striking the reply from the record, and in rendering judgment for defendant. We are limited in the consideration of this question because of the meager findings of the court and because of the absence of a bill of exceptions.

The separate findings are as follows:

"Immediately following the trial of this cause, the plaintiff herein required the Court to state in writing the conclusions of fact, herein found, separately from its conclusions of law.

"Therefore, as conclusion of fact, the court finds:

"1. That the defendant, William Morton, Sr., did not sign the note upon which the original judgment was based.

"And as conclusions of law in this cause based on the foregoing conclusions of fact, the court finds:

"1. That the defendant, William Morton, Sr., is not indebted to the plaintiff on said note.

"There being separate issues involved herein, it is deemed both beneficial and necessary to add the following conclusions of fact and law as follows:

"Facts:

"1. Plaintiff's petition bases this action upon an indebtedness shown by a cognovit note purportedly signed by the defendant, William Morton.

"2. The reply tentatively filed herein introduces facts which constitute a new, separate and distinct cause of action.

"Law:

"1. Such a change of the cause of action as that contemplated by the intended reply herein cannot be permitted.

"The weight of authority in Ohio is heavy in this balance, 31 Ohio Jurisprudence [797], Pleading, Section 214."

We are required to presume that the findings are supported by the evidence. The question presented is whether the reply should have remained on file and evidence taken in support thereof.

Section 2309.24, Revised Code, provides that:

"When the answer contains new matter, the plaintiff may reply to it, denying generally or specifically each allegation controverted by him. He also may allege, in ordinary and concise language, new matter, not inconsistent with the petition, constituting an answer to such new matter."

Rule 15 of the Municipal Court of Columbus in effect at the time the action was filed is in accord with the above statute and in addition provides that "new matter in the answer shall be deemed controverted" without a reply.

Proper evidence could have been admitted without a reply. When this matter was orally presented to the court, counsel stated that evidence was admitted in support of the reply and that when the case was closed the court found that the reply was a departure and struck the reply from the files. Assuming without deciding that the reply was not a departure, the striking of the reply was not prejudicial.

The only remaining question is whether the evidence admitted or proffered in support of a reply was a departure or inconsistent with the petition. The evidence admitted or proffered in support of the reply is not before us, either by way of a bill of exceptions or in the separate findings. We are not advised to what extent the evidence admitted or proffered supported the allegations in the reply; whether such evidence fulfilled the requirements of Section 8124, General Code, now Section 1301.21, Revised Code, which provides that the signature to a note may be made by a duly authorized agent, or whether the provisions of Section 8128, General Code, now

Section 1301.25, Revised Code, relative to a forged signature, had application. We cannot assume that the testimony was sufficient to permit recovery if it had been admitted.

We regret that the question presented is not properly raised.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.